## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Nasser Beydoun,

                Plaintiff,      Case No. 14-cv-13812
                                  Hon. Judith E. Levy

v.

Eric Holder, Jr., *et al.*,

                Defendants.

_____/

## OPINION AND ORDER GRANTING DEFENDANTS'
## MOTION TO STAY [6]

Plaintiff Nasser Beydoun brought this class action complaint against defendants Eric Holder, Jr., James B. Comey, and Christopher M. Piehota (collectively "defendants") alleging unlawful agency action and violations of the Fifth Amendment due process clause for failure to provide post-deprivation notice and hearing. These allegations stem from (1) the plaintiff's placement on the Selectee List, which results in additional screening by the Transportation Security Administration ("TSA") prior to boarding an airplane, and (2) the defendants' alleged

failure to provide a constitutionally adequate remedy to challenge plaintiff's inclusion on the Selectee List. (Dkt. 1).

Before the Court is defendants' motion to stay the case pending the Sixth Circuit's decision in *Mokdad v. Holder*, Case No. 14-1094, a case defendants argue will provide controlling precedent regarding the Court's subject matter jurisdiction to consider claims like those in this case. Defendants further move the Court to permit their answer or response to this complaint to be filed thirty days after the Sixth Circuit issues its decision in *Mokdad*. Plaintiff opposes the motion arguing that the matter before the Sixth Circuit is distinguishable from this case.

For the reasons set forth below, the Court grants defendants' motion to stay and orders that defendants' answer or response to the complaint be filed within thirty days of the Sixth Circuit's ruling in *Mokdad*.

I.    Background

The TSA has established Security Directives with respect to two groups of people it has determined to pose a potential risk to aviation safety. The first group is made up of individuals who are placed on a No Fly List and are entirely prohibited from flying. The second group

includes those placed on the Selectee List who must undergo additional screening before they are allowed to fly.  Both of these lists are subsets of the Terrorist Screening Database ("TSDB").  (Dkt. 6-4).

For those individuals who believe they have been wrongly placed on either of these lists, Congress developed the Department of Homeland Security Traveler Inquiry Program ("DHS TRIP"), which it describes as "a timely and fair redress process for individuals who believe they were delayed or prohibited from boarding a commercial aircraft because they were wrongly identified as a threat."  49 U.S.C. §44926.  Once an inquiry is made by an individual regarding his or her placement on either of the lists, the "TSA, in coordination with the TSC and other appropriate federal law enforcement or intelligence agencies, if necessary, will review all the documentation and information requested from the individual, correct any erroneous information, and provide the individual with a timely written response." 49 C.F.R. § 1560.205(d).  Upon completion of the review, DHS TRIP sends a final determination letter describing the agency's findings to the complainant.

In *Mokdad*, the plaintiff challenged his alleged placement on the No Fly List as well as the constitutionality of DHS TRIP. Defendants moved to dismiss, arguing that the Sixth Circuit had original jurisdiction over the plaintiff's claims.

The relevant portion of 49 U.S.C. § 46110 states:

[A] person disclosing a substantial interest in an order issued by the Secretary of Transportation (or the Under Secretary of Transportation for Security with respect to security duties and powers designated to be carried out by the Under Secretary or the Administrator of the Federal Aviation Administration with respect to aviation duties and powers designated to be carried out by the Administrator) in whole or in part under this part, part B, or subsection (l) or (s) of section 114 *may apply for review of the order by filing a petition for review in the United States Court of Appeals* for the District of Columbia Circuit or in the court of appeals of the United States for the circuit in which the person resides or has its principal place of business.

****

When the petition is sent to the Secretary, Under Secretary, or Administrator, *the court [of appeals] has exclusive jurisdiction* to affirm, amend, modify, or set aside any part of the order and may order the Secretary, Under Secretary, or Administrator to conduct further proceedings…the court may grant interim relief by staying the order or taking other appropriate action when good cause for its action exists.

49 U.S.C. § 46110 (emphasis added).

The District Court dismissed the case on jurisdictional grounds, finding that, since any claim related to the No Fly list required review

4

of statutory mandates imposed upon the TSA, the law granted exclusive jurisdiction of the claim with the courts of appeals.  *See* Dkt. 6-4; 49 U.S.C. § 46110.

The question before the Sixth Circuit in *Mokdad* is whether 49 U.S.C. § 46110, a statute vesting the courts of appeals with exclusive jurisdiction to consider challenges of final orders of the TSA, governs challenges to an alleged denial of boarding an airplane as well as challenges to the administrative redress process afforded by DHS TRIP. The Sixth Circuit heard oral argument on this question on October 8, 2014. (Dkt. 6 at 9).

In this case, plaintiff alleges due process violations and unlawful agency action due to his placement on the Selectee List, and defendants' failure to provide a constitutionally adequate remedy to challenge his inclusion on that list.  (Dkt. 1).  Beydoun argues that his placement on the Selectee List has resulted in excessive delays in his travel.  (*Id.*)  He further alleges that he made three redress inquiries with DHS TRIP. In response to plaintiff's most recent inquiry, the DHS issued a final agency decision recommending that he provide his redress number

when reserving airline tickets and when travelling to help avoid future delays.  (Dkt. 6-3).

## II.    Standard of Review

A district court may stay a case in order to allow a higher court in a separate case to settle issues of law that have bearing on the matter to be stayed. *See Marshel v. AFW Fabric Corp.*, 552 F.2d 471, 472 (2d Cir. 1977); *Bechtel Corp. v. Local 215, Laborers' Int'l Union of N. Am.*, 544 F.2d 1207, 1215 (3d Cir. 1976). *See also LaSala v. Needham & Co., Inc.*, 399 F. Supp.2d 421, 427 n.39 (S.D.N.Y. 2005) (noting that a stay is appropriate "where a higher court is close to settling an issue of law bearing on the action").

To determine whether a stay is warranted, a court must "weigh competing interests and maintain an even balance." *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936).  The party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward[] if there is even a fair possibility that the stay [requested] will work damage to some one else." *Id.* at 255. "Especially in cases of extraordinary public moment, the [plaintiff] may be required to submit to delay not immoderate in extent and not oppressive in its

6

consequences if the public welfare or convenience will thereby be promoted." *Landis*, 299 U.S. at 256.

In making its determination, the Court weighs: "[1] the potentiality of another case having a dispositive effect on the case to be stayed, [2] the judicial economy to be saved by waiting on a dispositive decision, [3] the public welfare, and [4] the hardship/prejudice to the party opposing the stay, given its duration." *Michael v. Ghee*, 325 F. Supp. 2d 829, 831 (N.D. Ohio 2004) (citing *Landis*, 299 U.S. at 255).

III. Analysis

A stay is warranted in this matter. The potentially dispositive impact of *Mokdad*, combined with the efficiency of waiting for the Sixth Circuit's ruling, weighs heavily in favor of granting the stay.

Plaintiff contends that the allegations before the Court are sufficiently distinguishable from those in *Mokdad*. He argues that the Selectee List, unlike the No Fly List, also affects a traveler dealing with travel where the TSA is not involved, such as land border crossings, which are administered by the TSC and the FBI. Plaintiff argues that his complaint should be construed as a broader constitutional challenge

to the administration of the Selectee List and the TSDB, rather than a narrow challenge to a final decision of the TSA.

Construing plaintiff's complaint in the broadest light possible, it is indisputable that a significant portion of his complaint challenges TSA final orders as well as claims inextricably intertwined with those orders. Plaintiff, for example, challenges his placement on the Selectee List and the failure to provide adequate post-deprivation notice and hearing, which are both arguably related to TSA final orders, as the TSA is responsible for passenger prescreening and administers the redress process for travelers complaining of delayed boarding. *See* 49 U.S.C. § 44903(j)(2)(C)(ii)-(iii) ([the TSA] "shall… assume the performance of the passenger prescreening function of comparing passenger information to the automatic selectee list" and "shall establish a procedure to enable airline passengers, who are delayed…, to appeal such determination…"); 49 C.F.R. § 1560.105(b)(2) & 1560.201-207. Even if the Court were to adopt the argument that administration of the Selectee List extends beyond TSA's control, it is indisputable that the TSA is responsible for the redress process. Plaintiff does not provide authority to counter this view. *See* 49 U.S.C.

8

§ 46110; Dkt 7. Indeed, the redress process plaintiff engaged in concluded with a letter from DHS TRIP, a final order subject to 49 U.S.C. § 46110.

If the Sixth Circuit's decision in *Mokdad* fails to be dispositive of all issues in this case, its ruling is still likely to significantly simplify this case. *See Landis*, 299 U.S. 248. Indeed, the *Mokdad* decision is likely to have precedential effect on questions of subject matter jurisdiction and to resolve at least some of the claims before the Court. This weighs in favor of granting a stay. *See Ghee*, 325 F.Supp.2d at 831; *Bandit Indus., Inc. v. Blue Cross & Blue Shield of Mich.*, 2013 WL 5651444, at *1-2 (E.D. Mich. 2013).

Furthermore, the alleged harm to the public welfare and alleged prejudice to plaintiff do not outweigh the benefits of a stay. In light of the fact that the Sixth Circuit held oral argument on *Mokdad* in October 2014, the delay caused by granting the stay should not be significant.

Accordingly, IT IS HEREBY ORDERED that:

Defendants' Motion for Stay is GRANTED.

Defendants shall have thirty days to answer or respond to plaintiff's complaint following the Sixth Circuit's decision in *Mokdad*.


Dated: February 13, 2015                    s/Judith E. Levy
Ann Arbor, Michigan                         JUDITH E. LEVY
                                            United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 13, 2015.

                                            s/Felicia M. Moses
                                            FELICIA M. MOSES
                                            Case Manager